# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE SHA'NEE MALDONADO, | ) 1:12cv02015 AWI DLB PC |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT </br> ) WITH LEAVE TO AMEND |
| RUTH, et al., | ) **THIRTY-DAY DEADLINE** |
| Defendants. | ) |

Plaintiff Billy Rae Sha'Nee Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on December 12, 2012. He names Correctional Officer Ruth, Correctional Officer Follows, Correctional Officer Marra and the California Department of Corrections and Rehabilitation ("CDCR") as Defendants.

A. **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
2  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails
3  to state a claim upon which relief may be granted."  28 U.S.C.
4  § 1915(e)(2)(B)(ii).

5       A complaint must contain "a short and plain statement of the claim showing that the pleader is
6  entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
9  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state
10 a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual
11 allegations are accepted as true, legal conclusions are not.  Id.

12      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
13 federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
14 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
15 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions
16 of each named defendant to a violation of his rights; there is no respondeat superior liability under
17 section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21
18 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at
19 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556
20 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
21 of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
22 at 969.

23 **B.**    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

24      Plaintiff's complaint is written in a stream of consciousness-style of writing and is therefore
25 somewhat difficult to comprehend.  He also attaches copies of inmate requests, but the copies are not
26 legible.  The following summary reflects the Court's best interpretation.
27      Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where the events at
28 issue occurred.

1  Plaintiff contends that correctional officers at PVSP are retaliating against him prior to filing a
2 grievance. On April 19, 2012, Plaintiff was placed on C status due to his chronic health problems and
3 mental disability caused by an assignment to work with an ex-Bulldog gang member, inmate Moreno.
4 Plaintiff states that he had to defend himself against inmate Moreno, who threatened to kill him in
5 March 2012, and he received a CDC-115. Plaintiff states that inmate Moreno had access to his legal
6 documents, which included charges brought by a nurse at PVSP.

7  On May 21, 2012, Plaintiff filed a Request for Interview with Defendant Ruth regarding his
8 request that he not be housed with gang-affiliated inmates. Defendant Ruth told Plaintiff that he had
9 no place to put Plaintiff, even though there were numerous open cells. Plaintiff alleges that Defendant
10 Ruth was lying. Defendant Ruth did not respond to the request and did not forward a copy to Plaintiff.

11  Plaintiff then approached Defendant Marra to have him sign the Inmate Request for Interview
12 so that Plaintiff could keep a copy. Defendant Marra refused and told Plaintiff to take it to security at
13 Program Services. Plaintiff alleges that this was harassment.

14  On May 24, 2012, Plaintiff filed a Request for Interview due to harassment by Defendant
15 Marra. The sergeant did not respond. Plaintiff spent more than 120 days on C status. Defendant
16 Follows told Plaintiff that he did not have time and refused to take Plaintiff to committee. Instead, he
17 kept Plaintiff out of program services because he filed grievances. Plaintiff's grievance was rejected
18 at the first level on August 28, 2012. Plaintiff requested documentation from Defendant Follows on
19 September 22, 2012, but he did not respond and refused to forward documents for Plaintiff to attach to
20 his grievance.

21  Plaintiff alleges that Defendant Ruth intentionally housed him with a skinhead to cause
22 Plaintiff great bodily injury, in retaliation. He also alleges that CDCR placed inmate Moreno on the
23 yard with Plaintiff, creating a security risk. Plaintiff cites the Eighth and Fourteenth Amendments.
24  Plaintiff requests monetary damages in the amount of $55,500,000,000.

1 **C. ANALYSIS**

2     1. <u>Rule 8 and Linkage</u>

As explained above, Federal Rule of Civil Procedure 8 requires a short and plain statement of a claim, with enough factual information to state a plausible claim for relief. Plaintiff is also required to link each Defendant to an alleged constitutional violation to state a claim under section 1983.

Here, Plaintiff's writing style makes it difficult to comprehend his factual allegations. Plaintiff appears to be alleging a retaliation claim under the First Amendment and perhaps a failure to protect claim under the Eighth Amendment.

Plaintiff also fails to clearly state how each Defendant violated his constitutional rights.

If Plaintiff amends his complaint, he should keep these pleading standards in mind. Plaintiff must identify the Defendants that he claims caused his harm, and he must briefly state what each Defendant did to cause his harm.

    2. <u>CDCR</u>

Plaintiff names CDCR as a Defendant. However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. <u>Wolfson v. Brammer</u>, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," <u>Wolfson</u>, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); <u>Buckwalter v. Nevada Bd. of Med. Exam'r</u>, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Thus, Plaintiff may not maintain a claim against CDCR.

    3. <u>Eighth Amendment Failure to Protect</u>

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994) (quoting <u>Cortes-Quinones v. Jimenez-Nettleship</u>, 842 F.2d 556, 558 (1st Cir. 1988)). Not every injury caused by one inmate to another is actionable under the Eighth Amendment. <u>Farmer</u>, 511 U.S. at 833. To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." <u>Id</u>. at 834. This requires the prisoner to satisfy

both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

Here, Plaintiff alleges that Defendant Ruth intentionally housed him with a "skinhead." Although Plaintiff suggests injury, his vague allegations do not demonstrate any "sufficiently serious" constitutional deprivation resulting from the housing assignment. A showing of a "sufficiently serious" deprivation requires Plaintiff to demonstrate that he was denied the minimal civilized measures of life's necessities. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).

Insofar as Plaintiff intends to state an Eighth Amendment claim against Defendants Follow or Marra, the vague allegations against them fail to do so.

Moreover, his contention that Defendant Marra's refusal to sign his document constituted harassment fails to rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

4. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegations are too vague to support a retaliation claim. Although he suggests that he was retaliated against, he fails to set forth facts to demonstrate each of the elements above.

5.    Fourteenth Amendment

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In his complaint, although Plaintiff cites the Fourteenth Amendment, he does not explain *what* behavior, or *which* Defendant, is at issue.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

1  Finally, an amended complaint supersedes the prior complaint, <u>Forsyth v. Humana, Inc</u>., 114 F.3d
2  1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
3  "complete in itself without reference to the prior or superseded pleading." Local Rule 220.
4      Based on the foregoing, it is HEREBY ORDERED that
5      1.    The Clerk's Office shall send Plaintiff a complaint form;
6      2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be
7  granted under section 1983;
8      3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an
9  amended complaint; and
10     4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action
11 will be dismissed, without prejudice, for failure to state a claim under section 1983.</u>

13 IT IS SO ORDERED.

14     Dated:  **June 23, 2013**           /s/ *Dennis L. Beck*
15                                           UNITED STATES MAGISTRATE JUDGE