UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY RAE SHA'NEE MALDONADO, | ) | 1:12cv02015 AWI DLB PC |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| RUTH, et al., | ) ) | **THIRTY-DAY DEADLINE** |
| Defendants. | ) ) ) | |

Plaintiff Billy Rae Sha'Nee Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on December 12, 2012. On June 24, 2013, the Court screened the complaint and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on July 15, 2013. He names Correctional Officer Ruth, Correctional Officer Follows and Correctional Officer Marra as Defendants.

A. **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B. SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where the events at issue occurred.

Plaintiff alleges that on January 10, 2012, Defendant Ruth knowingly housed Plaintiff with Inmate Moreno, an ex-gang member. Inmate Moreno threatened to kill Plaintiff three times in March 2012.

On March 12, 2012, Plaintiff defended himself from Inmate Moreno. Plaintiff received a CDCR 115 Rules Violation Report for fighting. Plaintiff states that Inmate Moreno had access to Plaintiff's documents, including charges brought by a nurse at PVSP.

On April 11, 2012, Plaintiff filed his first grievance relating to housing with Inmate Moreno. Staff put Inmate Moreno back on A Yard for an unknown reason. Plaintiff states that Inmate Moreno had Plaintiff's history of charges, and that the nurse was "bringing Inmate Moreno illegal documents for some time." FAC 5.

On April 19, 2012, Plaintiff was housed on C status.

On May 21, 2012, Plaintiff filed a request for an interview with Defendant Ruth regarding his request that he not be housed with gang-affiliated inmates. Defendant Ruth told Plaintiff that he had no place to put Plaintiff, even though there were numerous open cells. Plaintiff believes that Defendant Ruth was lying.

Defendant Ruth did not respond to the request for interview and did not forward a copy to Plaintiff.

Plaintiff then approached Defendant Marra to have him sign the inmate request for interview, so that Plaintiff could keep a copy. Defendant Marra refused and told Plaintiff to take it to Security at Program Services. Plaintiff contends that this was harassment by Defendant Marra.

On May 24, 2012, Plaintiff filed a request for interview because of the harassment by Defendant Marra. The second watch sergeant did not respond to the request.

On August 23, 2012, Plaintiff had spent more than 120 days on C status. Defendant Follows told Plaintiff that he did not have time and refused to take Plaintiff to committee. Instead, Defendant Follows kept Plaintiff out of Program Services because Plaintiff had filed a grievance.

Plaintiff requested documentation from Defendant Follows on September 22, 2012, but Defendant Follows did not respond and refused to forward documents for Plaintiff to attach to his grievance. On September 22, 2012, Plaintiff filed a second grievance, which was rejected at the First Level.

Plaintiff alleges that Defendant Ruth intentionally housed Plaintiff with an inmate "skinhead" to cause violence and make Plaintiff a safety concern.

Defendant Follows told Plaintiff to talk to Defendant Ruth about housing, but Defendant Follows could have talked to Defendant Ruth himself. Plaintiff contends that it was cruel and unusual punishment, and a violation of due process, to put Plaintiff "in the middle." FAC 4.

Based on these facts, Plaintiff alleges that Defendant Ruth was deliberately indifferent when he housed Plaintiff with a skinhead inmate, who was asking Plaintiff for his papers to create a security issue. He also alleges that Defendant Ruth has a duty to comply with Title 15 of the California Code of Regulations.

Plaintiff alleges that Defendant Follows was deliberately indifferent when he refused to acknowledge Plaintiff's request for documents and "decided to do an absentia without Plaintiff knowing..." FAC 5. He also alleges that Defendant Follows has a duty to comply with Title 15.

As to Defendant Marra, Plaintiff alleges that he was deliberately indifferent when he refused to acknowledge Plaintiff's request for interview. He further alleges that Defendant Follows has a duty to comply with Title 15.

C. **ANALYSIS**

    1. Eighth Amendment Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). Not every injury caused by one inmate to another is actionable under the Eighth Amendment. Farmer, 511 U.S. at 833. To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Id. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

Here, Plaintiff alleges that Defendant Ruth intentionally housed him with a "skinhead" to cause violence. Plaintiff states that he defended himself against Inmate Moreno on March 12, 2012, and received a Rules Violation Report for fighting. As in the original complaint, Plaintiff's allegations do not demonstrate any "sufficiently serious" constitutional deprivation resulting from the housing assignment. A showing of a "sufficiently serious" deprivation requires Plaintiff to demonstrate that he was denied the minimal civilized measures of life's necessities. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).

Plaintiff's allegations against Defendant Ruth also fail to allege that he acted with deliberate indifference. Although Plaintiff states that he "knowingly" and "intentionally" housed him with Inmate Moreno, he provides no facts to support these contentions. He also believes that Defendant Ruth was lying when he said there was no place to put Plaintiff, but this does not establish deliberate indifference. Legal conclusions, without factual support, are insufficient to state a claim.

As to Defendants Marra and Follows, Plaintiff alleges that they were deliberately indifferent when they refused to sign, or acknowledge, documents. The Court explained to Plaintiff in the prior screening order that a refusal to sign documents, which Plaintiff characterizes as harassment, does not rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff therefore fails to state an Eighth Amendment claim against any Defendant.

2.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff appears to allege that Defendant Follows retaliated against him for filing a grievance when he refused to take Plaintiff to committee and kept him out of program services. The only grievance Plaintiff filed prior to this alleged incident with Defendant Follows was an April 2012 grievance related to Defendant Ruth's housing assignment. While filing a grievance is a protected First Amendment activity, Plaintiff provides no connection between the grievance and Defendant Follow's actions.

Plaintiff therefore fails to state a retaliation claim against Defendant Follows.

3. Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff suggests that Defendant Follows deprived him of due process by making him speak with Defendant Ruth. This does not, in any way, suggest a due process issue.

4. Violation of Title 15

Plaintiff seeks to impose liability based on the violation of Title 15 prison regulations. However, the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations and there exist ample district court

decisions holding to the contrary. E.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, __ F.Supp.2d __, __, 2012 WL 4754688, at *9 (S.D. Cal. Oct. 4, 2012); Meredith v. Overley, 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Plaintiff's Title 15 claim shall be dismissed, with prejudice, for failure to state a claim.

### D.  CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with **one final opportunity** to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's FAC is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated: __**February 3, 2014**__                    /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE