# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE SHA'NEE MALDONADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUTH, et al.,<br><br>　　　　　Defendants. | 1:12cv02015 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Billy Rae Sha'Nee Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on December 12, 2012. On June 24, 2013, the Court screened the complaint and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on July 15, 2013. On February 3, 2014, the Court dismissed the FAC and provided Plaintiff with a final opportunity to amend. On February 21, 2014, Plaintiff filed his Second Amended Complaint ("SAC"). He names former Pleasant Valley State Prison ("PVSP") Warden James Yates, current PVSP Warden P. E. Brazelton, Correctional Officers Ruth, Follows and Marra, and Registered Nurse Rocha as Defendants.

**A.　LEGAL STANDARD**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California. The events at issue occurred while Plaintiff was housed at PVSP.

Plaintiff alleges that on January 10, 2012, Defendant Ruth housed him with Inmate Moreno, an ex-Bulldog gang member. Inmate Moreno threatened to kill Plaintiff three times in March 2012.

On March 12, 2012, Plaintiff was standing outside the door at 6:45 a.m., when Inmate Moreno attacked him from behind. Plaintiff defended himself and shielded off blows to his face.

Prior to the incident, Inmate Moreno was housed in a single cell.

Inmate Moreno told Plaintiff that he had "illegal documents of Plaintiff charges for the past 35 years." ECF No. 14, at 3. Plaintiff alleges that Defendant Rocha was "bringing Inmate Moreno illegal documents of charges for a number of years." ECF No. 14, at 3. Plaintiff contends that Defendant Rocha is the ex-wife of a CDCR Correctional Officer.

On April 11, 2012, Plaintiff filed his first grievance. It was returned by the Appeals Office at PVSP.

On April 19, 2012, Plaintiff was housed on C-status.

On May 21, 2012, Plaintiff filed an Inmate Request for Interview with Defendant Ruth regarding Plaintiff's request that he not be housed with gang-affiliated inmates. Defendant Ruth told Plaintiff that he had no place to put him, even though there were numerous open cells. Plaintiff believes that Defendant Ruth was lying. Defendant Ruth did not respond to the Request for Interview and did not forward a copy to Plaintiff.

Plaintiff then asked Defendant Marra to sign the Inmate Request for Interview so that Plaintiff could keep a copy. Defendant Marra refused and told Plaintiff to take it to Security at Program Services. Plaintiff contends that this was harassment.

On May 24, 2012, Plaintiff filed a Request for Interview because of Defendant Marra's harassment. The Second Watch Sergeant did not respond to the request.

By August 23, 2012, Plaintiff had spent more than 120 days on C-status. Defendant Follows told Plaintiff that he did not have time and refused to take him to Committee. Instead, Defendant Follows kept Plaintiff out of Program Services because Plaintiff had filed a grievance.

1   Plaintiff requested documentation from Defendant Follows on September 22, 2012, but
2   Defendant Follows did not respond and refused to forward documents for Plaintiff to attach to his
3   grievance.
4   Also on September 22, 2012, Plaintiff filed his second grievance, which was rejected at the
5   First Level.
6   Plaintiff contends that he has physical chronic health conditions and "mental anguish
7   disabilities." ECF No. 14, at 5.
8   Based on these facts, Plaintiff alleges that Defendant Ruth intentionally housed him with a
9   "skinhead inmate who was asking Plaintiff for his papers" to create a safety issue. ECF No. 14, at 4.
10  He contends that Defendant Follows told Plaintiff to talk to Defendant Ruth about housing, but
11  Defendant Follows could have talked to Defendant Ruth himself. Plaintiff alleges that it was cruel and
12  unusual punishment and a violation of due process to put Plaintiff "in the middle." EFC No. 14, at 4.
13  Plaintiff also alleges that Defendant Follows was deliberately indifferent when he refused to
14  acknowledge Plaintiff's request for documents and "decided to do an absentia without Plaintiff
15  knowing." ECF No. 14, at 5.
16  As to Defendant Marra, Plaintiff alleges that he was deliberately indifferent when he refused to
17  acknowledge Plaintiff's Request for Interview.
18  Finally, he alleges that Defendants Ruth, Follows and Marra had a duty to comply with Title
19  15 of the California Code of Regulations.
20  Plaintiff requests $55,500,000,000 in damages.

21  **C.   ANALYSIS**
22       1.   Defendants Yates and Brazelton
23  Plaintiff names Defendants Yates and Brazelton as Defendants, but does not include any
24  specific factual allegations against them.
25  Supervisory personnel may not be held liable under section 1983 for the actions of subordinate
26  employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967,
27  977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75
28  (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa

4

County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff fails to state a claim against Defendants Yates and Brazelton. He does not allege that they were personally involved in any of the events at issue, and he does not allege that they knew of any violations and failed to prevent them. While Plaintiff states generally that prison staff's professional negligence created a security risk, this is insufficient to state a claim against either Defendant Yates or Brazelton in their supervisory positions.

2.  Defendant Rocha

As explained above, Federal Rule of Civil Procedure 8 requires a short and plain statement of a claim, with enough factual information to state a plausible claim for relief. Plaintiff is also required to link each Defendant to an alleged constitutional violation to state a claim under section 1983.

In his SAC, Plaintiff alleges that Defendant Rocha was "bringing Inmate Moreno illegal documents of charges for a number of years." ECF No. 14, at 3. Plaintiff also contends that Defendant Rocha is the ex-wife of a CDCR Correctional Officer. These allegations, however, are vague and do not provide sufficient factual allegations to state any plausible claim for relief. Plaintiff therefore fails to state a claim against Defendant Rocha.

3.  Eighth Amendment

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). Not every injury caused by one inmate to another is actionable under the Eighth Amendment. Farmer, 511 U.S. at 833. To

establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Id. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind.  Prison officials must have known of and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

In the two prior screening orders, the Court explained why Plaintiff's allegations against Defendant Ruth were insufficient to state a claim.  Plaintiff's allegations are almost exactly the same and he has therefore failed to correct these deficiencies.

Plaintiff continues to allege that Defendant Ruth intentionally housed him with a "skinhead" to create a safety issue.  Plaintiff states that he defended himself against Inmate Moreno on March 12, 2012.  However, as in his prior two complaints, Plaintiff's allegations do not demonstrate any "sufficiently serious" constitutional deprivation resulting from the housing assignment.  A showing of a "sufficiently serious" deprivation requires Plaintiff to demonstrate that he was denied the minimal civilized measures of life's necessities.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  Plaintiff adds an allegation that he has physical chronic health conditions and "mental anguish disabilities," but this is insufficient to demonstrate that any harm resulted from Defendant Ruth's alleged actions.

Plaintiff's allegations against Defendant Ruth also fail to allege that he acted with deliberate indifference.  Although Plaintiff states that he "intentionally" housed him with Inmate Moreno, he provides no facts to support these contentions.  He also believes that Defendant Ruth was lying when he said there was no place to put Plaintiff, but this does not establish deliberate indifference.  Legal conclusions, without factual support, are insufficient to state a claim.

As to Defendants Marra and Follows, Plaintiff alleges that they were deliberately indifferent when they refused to sign, or acknowledge, documents.  The Court explained to Plaintiff in the prior two screening order that a refusal to sign documents, which Plaintiff characterizes as harassment, does

1  not rise to the level of a constitutional violation.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.
2  1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).
3       Plaintiff has failed to correct any deficiencies and he therefore fails to state an Eighth
4  Amendment claim against any Defendant.
5       4.   Due Process
6       The Due Process Clause protects Plaintiff against the deprivation of liberty without the
7  procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221,
8  125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson,
9  545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The
10 Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse
11 conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law,
12 the existence of a liberty interest created by prison regulations is determined by focusing on the nature
13 of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84,
14 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are
15 generally limited to freedom from restraint which imposes atypical and significant hardship on the
16 inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221(citing Sandin,
17 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).
18      Plaintiff suggests that Defendant Follows deprived him of due process by making him speak
19 with Defendant Ruth.  This does not, in any way, suggest a due process issue.  The Court explained
20 this to Plaintiff in the prior screening orders, but he continued to set forth the same allegations.
21      5.   Violation of Title 15
22      Plaintiff seeks to impose liability based on the violation of Title 15 prison regulations.
23 However, the Court is unaware of any authority for the proposition that there exists a private right of
24 action available to Plaintiff for violation of Title 15 regulations and there exist ample district court
25 decisions holding to the contrary.  E.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. 2012);
26 Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, 2012 WL
27 3764029, at *4 (E.D. Cal. 2012); Parra v. Hernandez, 2009 WL 3818376, at *8 (S.D. Cal. 2009);
28

Davis v. Kissinger, 2009 WL 256574, at *12 n.4 (E.D. Cal. 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Plaintiff's Title 15 claim does not to state a claim for relief.  The Court explained to Plaintiff in the prior screening orders that he could not state a claim under Title 15, but he continued to assert this cause of action.

**D.     FINDINGS AND RECOMMENDATIONS**

For the above reasons, Plaintiff's SAC fails to state a cognizable claim against any Defendant.  Plaintiff has had two opportunities to amend, but continues to allege almost the exact same facts.  In the prior screening order, the Court notified Plaintiff that this would be his final opportunity to amend.  The Court therefore finds that a third opportunity to amend is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, the Court HEREBY RECOMMENDS dismissal of this action for failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 24, 2014**                    /s/ Dennis L. Beck
                                                       UNITED STATES MAGISTRATE JUDGE